

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2004

# Birambi v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Birambi v. Secretary Homeland" (2004). *2004 Decisions.* Paper 90.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/90

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 03-4086

JOHN RICARDO BIRAMBI; IRENE BIRAMBI,
Petitioners

v.

DEPARTMENT OF HOMELAND SECURITY,
SEC. TOM RIDGE; BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT; THEODORE NORDMARK,
ACTING DISTRICT DIRECTOR,
Respondents

Petition for Review of an Order
of the Board of Immigration Appeals
(Nos. A71-534-974 & A71-548-541)

Submitted Under Third Circuit LAR 34.1(a)
Date: November 30, 2004

Before: RENDELL, ALDISERT and MAGILL[1], Circuit Judges

(Filed: December 9, 2004)

OPINION OF THE COURT

ALDISERT, Circuit Judge

---

The Honorable Frank J. Magill, Senior Judge, U. S. Court of Appeals for the Eighth Circuit, sitting by designation.

John Ricardo Birambi and Irene Birambi, both natives and citizens of the Republic of Suriname, seek review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on September 15, 2003. The order affirmed the Immigration Judge's ("IJ's") decision to deny the Birambis' request for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We will deny the petition.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

II.

For petitioners to establish that they are a refugees eligible for asylum, they must demonstrate that they are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). Petitioners for asylum bear the burden of supporting their claim through credible testimony. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). To qualify for withholding of removal petitioners must establish that a clear probability exists that their life or freedom would be threatened in Suriname on account of race, religion, nationality, membership in a particular social group or political opinion. Dia v. Ashcroft,

2

353 F.3d 228, 233 n. 1 (3d Cir. 2003). In asserting a claim under CAT, applicants must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2) (2002).

A.

Here, there is substantial evidence to support the BIA's determination that Petitioners failed to prove a well-founded fear of persecution on account of their political opinions. Nothing in the record demonstrates that John Birambi held any particular political opinion or, even if he did, that he made the Toekajana aware of it such that the Toekajana would persecute him because of it. Birambi claimed that the Toekajana would retaliate against him for disagreeing with the cause of his brother's death and independently investigating it. But he did not claim or submit evidence that this disagreement was a manifestation of his political opinion rather than anger over the loss of his brother. The record does not compel or even suggest the conclusion that such retaliation would be on account of his political opinion. See Zayas-Marini v. INS, 785 F.2d 801 (9th Cir. 1986) (denying petition where claim of persecution was supported by evidence that two government officials who threatened applicant with death did so only after alien's opposition to their corrupt practices). Retaliation for simply uncovering criminal activity does not amount to persecution on account of a political opinion. Id.

To the extent that John Birambi relies on the Toekajana's purported attempts to recruit him, he has pointed to no evidence in the record that would compel a finding that

3

the group targeted him because of his political opinion. Absent some evidence that the Toekajana's efforts were motivated by the applicant's political opinion or other protected ground, recruitment efforts are insufficient to compel a finding of persecution on account of political belief. See INS v. Elias-Zacarias, 502 U.S. 478, 483-484 (1992); Velasquez-Valencia v. INS, 244 F.3d 48 (1st Cir. 2001) (ruling that an alien was not entitled to asylum based on evidence that Guatemalan guerillas sought to recruit him to their side in a civil war and later sought to punish him for evading their "draft" since there was no indication that his political beliefs had anything to do with efforts to recruit him); Tecun-Florian v. INS, 207 F.3d 1107, 1108-1109 (9th Cir. 2000) (ruling that recruitment was not on account of a protected basis, even where guerrillas knew the applicant was a practicing Catholic). John Birambi himself denied that the Toekajana targeted him for his political opinion.

> Q.    Did they tell you why they wanted to recruit you?
>
> A.    Yes, because I tried to find the truth about my brothers [sic] death. And to stop me from that they want to come to join them to forget what happened with my brother.

(A.R. at 150.)

John Birambi testified that he declined the Toekajana's recruitment because of his "philosophical belief and also, [his] religious belief," (A.R. at 150), and not because of any particular political opinion; indeed he never claimed that he had ever directly or indirectly expressed a political opinion to the group. See, e.g., Tecun-Florian, 207 F.3d at

4

1109 (denying asylum where petitioner offered no compelling evidence that guerrillas' actions were based on any knowledge of their political opinion); Sangha v. INS, 103 F.3d 1482, 1487-1490 (9th Cir. 1997) (denying petition for review because petitioner failed to establish that he had a political opinion or that his persecutors imputed his father's opinion to him).

Persecution "on account of" political opinion means that, even if John Birambi could point to evidence in this record that he had a political opinion, which he cannot, he "still has to establish that the record also compels the conclusion that he has a 'well-founded fear' that the guerillas will persecute him because of that political opinion, rather than because of his refusal to fight with them." Elias-Zacarias, 502 U.S. at 483. John Birambi testified that rather than directly refusing he simply told the Toekajana that he would "think about" its recruitment offer, without giving it any reason. (A.R. at 150.) The record contains no evidence that they retaliated against him or even tried to recruit him again.

John Birambi's claim fails because of the absence of evidence sufficient to compel the finding that the Toekajana would be motivated by his political opinion to persecute him if he were to return to Suriname. Because John Birambi has not and cannot point to evidence that would compel any reasonable person to conclude that he has a well-founded fear of persecution on account of his political opinion, we will deny his petition.

5

B.

The events on which Irene Birambi independently relied were based on purely personal family disputes, and not on any grounds that provide eligibility for asylum. Although Irene Birambi's brother-in-law was allegedly a member of the Toekajana, his membership alone did not convert what was clearly a family argument into a political situation. Even if Irene Birambi's brother-in-law were to use his position in the Toekajana to retaliate against her for removing her younger sister from his control, his action would be motivated by a family dispute, and not by any reason protected by the statute. See, e.g., Elias-Zacarias, 502 U.S. at 482 (applicant must show guerrillas were motivated by other than personal reasons). Moreover, Irene Birambi's assertion that her actions in addition to her husband's "may" cause her to face persecution, (see Petitioner's br. at 20), fall far short of showing that the evidence would compel any reasonable person to conclude that her fear of persecution for a reason protected by statute was well-founded.

Finally, the Birambis argue that they face "heightened difficulties" if returned to Suriname because of their membership in the Carib tribe, pointing to State Department reports showing that members of native tribal groups experience harsher treatment and more discrimination than other groups in Suriname. (See Petitioner's br. at 20.) "Heightened difficulties" do not amount to persecution. See, e.g., Nagoulko v. Ashcroft, 333 F.3d 1012, 1016 (9th Cir. 2003) (pointing out that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive; even losing

6

a job because of religious beliefs, while discriminatory, is not the type of economic deprivation that rises to the level of persecution). Courts have held that even discrimination on the basis of race or religion, though morally reprehensible, does not ordinarily amount to persecution for purposes of asylum, even if it generates an adverse economic result. Gormely v. Ascroft, 364 F.3d 1172, 1177 (9th Cir. 2004) (citing Chaly v. INS, 58 F.3d 1425, 1431(9th Cir. 1995)).

Neither Birambi claimed any fear of persecution on account of their membership in the Carib tribe, their claim was based entirely on their fear of the Toekajana, which John Birambi testified, and the State Department confirmed, was composed mostly of members of the Carib tribe. And the Birambis' claim that they "may face a 'reasonable possibility' of future persecution solely on account of being members of the Carib tribal group," falls well short of the requirement that they show evidence in the record that would compel any reasonable person to find a well-founded fear of persecution.

The record contains substantial evidence supporting the BIA's conclusion that the Birambis failed to demonstrate a well-founded fear of persecution on account of a reason protected by the statute. To the extent that Irene Birambi's claim is based on her argument that "her husband's actions will be imputed to her" the Court denies her petition for the same reasons it denies her husband's petition. To the extent that Irene Birambi bases her petition on her claim of persecution because of her own activities, we will deny her petition.

7

III.

We have considered all arguments raised by the parties and conclude that no further discussion is necessary. We conclude that substantial evidence supported the BIA's order. Accordingly, we will deny the petition for review.

————————————